IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS RODRIGUEZ, | No. 4:22-CV-00687 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN of FCI-ALLENWOOD (MEDIUM), | |
| Respondent. | |

MEMORANDUM OPINION

JANUARY 11, 2023

Petitioner Carlos Rodriguez is currently confined at the Federal Correctional Institution Allenwood Medium (FCI Allenwood), in White Deer, Pennsylvania. He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that he was wrongly convicted of a disciplinary infraction, resulting in the loss of good-conduct time and other privileges. For the following reasons, the Court must deny Rodriguez's Section 2241 petition.

I. BACKGROUND

Rodriguez is serving a 60-month sentence for conspiracy to distribute and possession with intent to distribute controlled substances imposed by the United States District Court for the District of Massachusetts.[1] On September 9, 2021,

---

[1] Doc. 7-1 at 3 ¶ 3; *id.* at 5.

Rodriguez's cell was searched and he was reportedly found to be in possession of an illegal cellular telephone that was hidden in an electrical outlet in his cell.[2] He was charged with Offense Code 108 (Possessing a Hazardous Tool (cellphone)).[3] This charge is designated by the Bureau of Prisons (BOP) as one of the "Greatest Severity Level Prohibited Acts."[4]

Rodriguez and his cellmate denied any knowledge of the presence of the cell phone.[5] During the September 15, 2021 Unit Discipline Committee hearing that followed the filing of the incident report, the Committee found that Rodriguez did not commit the prohibited act, explaining that the "evidence does not suggest" that Rodriguez "was aware of this item or placed the item in the discovered location."[6] It concluded that, "[b]ased on the preponderance of the evidence[,] the committee is recommending that this incident report be expunged."[7]

The incident report, however, was not expunged. It was referred to a Discipline Hearing Officer (DHO),[8] who held a formal hearing on the charge on September 29, 2021.[9] At the hearing, Rodriguez once again denied possession or

---

[2] Doc. 7-1 at 7.
[3] Id.
[4] See 28 C.F.R. § 541.3 (table 1).
[5] Doc. 7-1 at 8, 10.
[6] Id. at 8.
[7] Id.
[8] Because the offense at issue was a 100-level offense—the most serious or "Greatest" severity—referral to the DHO for further review was automatic. See 28 C.F.R. § 541.7(a)(4).
[9] See Doc. 7-1 at 15.

knowledge of the cell phone.[10]  The DHO, however, found the charge to be supported by the "greater weight of evidence," citing the incident report, chain-of-custody forms, and photographs as evidence that Rodriguez had committed the charged offense.[11]  The DHO imposed harsh sanctions on Rodriguez for the violation, including disallowance of 41 days of good-conduct time, forfeiture of 150 days' nonvested good-conduct time, 90 days' disciplinary segregation, and loss of email and phone privileges for a year.[12]

Rodriguez claims to have appealed the DHO's decision to the BOP's Regional Director and Central Office.[13]  He avers that he has never received a final response from Central Office and considers the final appeal denied.[14]  He subsequently filed the instant Section 2241 petition in May 2022.[15]  Respondent filed his response to the petition and Rodriguez did not file a "traverse" or reply brief.  Rodriguez's petition, therefore, is ripe for disposition.

## II. DISCUSSION

Rodriguez's Section 2241 petition is short—just one handwritten page.  He appears to challenge the sufficiency of the evidence for the disciplinary charge. When an inmate challenges the sufficiency or weight of the evidence in a DHO

---

[10] *Id.* at 15, 17.
[11] *Id.* at 16-17.
[12] *Id.* at 17.  Rodriguez's cellmate was also charged and found guilty of the same offense.  *See id.* at 3 ¶ 5.
[13] *See* Doc. 1 at 2; Doc. 1-1.
[14] Doc. 1 at 1.
[15] *See generally* Doc. 1.

hearing through a habeas petition, that claim sounds in a due process challenge under the Fifth or Fourteenth Amendment.[16]

Inmates retain certain procedural due process rights in prison disciplinary proceedings, although these rights "may be curtailed by the demands and realities of the prison environment."[17] *Wolff v. McDonnell* enumerates those protections and requires, at minimum, (1) the right to appear before an impartial decision-making body; (2) written notice of the charge(s) at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence (so long as the presentation of such evidence is not "unduly hazardous to institutional safety or correctional goals"); (4) if the inmate is illiterate or complex issues are involved, assistance from another inmate or a staff member; and (5) a written decision by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action.[18]

When an inmate challenges the sufficiency of the evidence in a prison disciplinary proceeding that resulted in the loss of good-conduct time, "the requirements of due process are satisfied if *some evidence* supports the decision" to

---

[16] *See Denny v. Schultz*, 708 F.3d 140, 142-44 & n.5 (3d Cir. 2013) (noting that petitioner's Section 2241 due process challenge was not arguing that DHO hearings were "procedurally defective in any way," but rather that evidence was insufficient to support finding of possession of contraband discovered in a two-inmate cell).

[17] *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)).

[18] *Wolff*, 418 U.S. at 563-70 (citations omitted).

revoke good-time credits.[19]  Determining whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."[20]  Rather, the relevant inquiry for the court is whether there is "any evidence in the record that could support the conclusion" reached by the decisionmaker.[21]

Under this minimal evidentiary burden, Rodriguez's Section 2241 petition fails.  Rodriguez does not allege that he was denied any procedural protections outlined in *Wolff v. McDonnell*.  He challenges only the sufficiency of the evidence, claiming that he is innocent of the charge.  The DHO, in his written report, relied on the incident report, photographs, and chain-of-custody forms to find Rodriguez guilty.  This evidence plainly satisfies the "some evidence" requirement, and thus there was no due process violation.

The Court is cognizant that Rodriguez is claiming that he is innocent and that there is no evidence connecting him to the contraband cellphone other than being housed in the cell where the phone was discovered.  As he argued during his DHO hearing, he had "moved in[to] the cell several weeks ago and didn't know [the cellphone] was there."[22]  The UDC, in fact, recommended that the incident

---

[19]  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added).
[20]  *Id.*
[21]  *Id.* at 455-56; *see also Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013) ("[T]he 'some evidence' standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding." (citation omitted)).
[22]  Doc. 7-1 at 15.

report be expunged. Nevertheless, the DHO determined that Rodriguez possessed the cellphone and thus violated prison rules. Notably, the United States Court of Appeals for the Third Circuit has explicitly held that discovery of contraband in a hidden area accessible from a prisoner's cell is sufficient—in the prison setting—to constitute "some evidence" that the inmate possessed the contraband.[23] Because this Court's only question on habeas review is whether there was "any evidence in the record" to support the DHO's decision, and because the Court must answer that question in the affirmative, Rodriguez's Section 2241 petition will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court must deny Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[23] *See Denny*, 708 F.3d at 147 (holding that discovery of two homemade shanks found in hidden space accessible from petitioner's two-inmate cell, by itself, constituted "some evidence" that petitioner possessed the weapons in question).